# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 5, 2026          Decided July 31, 2026

No. 24-5199

ADELE E. RUPPE,
APPELLANT

v.

MARCO RUBIO, IN HIS OFFICIAL CAPACITY AS SECRETARY OF
STATE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-02823)

———

*Kevin E. Byrnes* argued the cause and filed the briefs for appellant. *Kiarash Rahnama Moghaddam* entered an appearance.

*Sean M. Tepe*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jeanine Ferris Pirro*, U.S. Attorney, and *Johnny H. Walker, III*, Assistant U.S. Attorney.

Before: WILKINS, RAO and PAN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RAO.

RAO, *Circuit Judge*: Foreign Service officer Adele Ruppe sued the State Department, alleging multiple violations of federal anti-discrimination law. The district court held it lacked jurisdiction over Ruppe's Fair Labor Standards Act ("FLSA") damages claim under *Waters v. Rumsfeld*, 320 F.3d 265 (D.C. Cir. 2003), and sua sponte transferred that claim to the Court of Federal Claims. The district court granted summary judgment for the Department on Ruppe's remaining claims.

We affirm the district court's grant of summary judgment but vacate the transfer of Ruppe's FLSA damages claim. *Waters* cannot be reconciled with the Supreme Court's later decision in *United States v. Bormes*, 568 U.S. 6 (2012). Overruling *Waters*, we conclude that the district courts and the Court of Federal Claims have concurrent jurisdiction over FLSA damages claims against the United States. We therefore vacate the transfer and remand for the district court to consider Ruppe's FLSA claim.

I.

Ruppe joined the Foreign Service in 1993 and was promoted to the Senior Foreign Service in 2011. In 2014, she began working as a director in the Office of Public Diplomacy for the Bureau of European and Eurasian Affairs. Over the next two years, she tried and failed to obtain a promotion to a deputy chief of mission post in Europe. She also experienced difficulty working with her direct supervisor, whom she accused of discriminatory conduct.

After filing an Equal Employment Opportunity complaint with the State Department's Office of Civil Rights, Ruppe sued the Department. Her amended complaint raised seven discrimination claims: five under Title VII, one under the

Rehabilitation Act of 1973, and one under the FLSA.[1] Ruppe's FLSA claim sought more than $10,000 in damages. The district court granted summary judgment for the State Department on Ruppe's Title VII and Rehabilitation Act claims.

As to her FLSA claim, Ruppe and the Department both maintained that the district court had jurisdiction because *Waters* cannot be reconciled with the Supreme Court's decision in *Bormes*. The district court held it was bound by *Waters* until overruled by this court and therefore the Court of Federal Claims has exclusive jurisdiction over FLSA damages claims against the United States in excess of $10,000. The district court transferred Ruppe's FLSA claim sua sponte to the Court of Federal Claims. Ruppe timely appealed.

## II.

Ruppe first challenges the district court's grant of summary judgment for the State Department on her Title VII and Rehabilitation Act claims. Reviewing the entry of summary judgment de novo, we affirm for substantially the same reasons given in the district court's careful opinion and do not further address these claims.

Ruppe also challenges the district court's transfer of her FLSA damages claim to the Court of Federal Claims. Review of this decision is de novo as well because the transfer was based on a purported lack of jurisdiction. *See Fed. L. Enf't Officers Ass'n v. Ahuja*, 62 F.4th 551, 557 (D.C. Cir. 2023). We first confirm our appellate jurisdiction to review the transfer

---

[1] Ruppe's complaint referred to this last claim as brought under the Equal Pay Act. Because the Equal Pay Act is part of the FLSA, we refer to it as an FLSA claim. *Laffey v. Nw. Airlines, Inc.*, 740 F.2d 1071, 1085 (D.C. Cir. 1984) (per curiam); *see* Equal Pay Act of 1963, Pub. L. No. 88-38, 77 Stat. 56 (codified at 29 U.S.C. § 206(d)).

4

and then explain why the district court had jurisdiction over Ruppe's FLSA claim.

A.

This court has appellate jurisdiction to review the district court's transfer order. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("[T]he first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.") (cleaned up).

Transfer orders are generally not appealable final orders, nor are they generally reviewable under the collateral order doctrine. *Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 546 (D.C. Cir. 1992). This court, however, has recognized that when a district court transfers a claim for lack of jurisdiction, the transfer order is appealable if the transferee court has jurisdiction over the underlying claim. *Goble v. Marsh*, 684 F.2d 12, 14 (D.C. Cir. 1982) (discussing former 28 U.S.C. § 1406(c)). When there is a possibility of concurrent jurisdiction between the D.C. District Court and the Court of Federal Claims, an order transferring a claim from the district court to the Court of Federal Claims would likely evade review unless this court steps in. *Ukiah Adventist Hosp.*, 981 F.2d at 547 (discussing *Goble*, 684 F.2d at 14). Absent immediate review by this court, the plaintiff would find herself in the Court of Federal Claims with no effective way to contest the transfer. Because that court has jurisdiction over her claim, it likely would proceed to the merits without entertaining any challenge to the district court's transfer decision. *Goble*, 684 F.2d at 14. Nor could the plaintiff seek effective review in the Federal Circuit, which likely would find "any error in transferring the action … harmless" in light of the two trial courts' concurrent jurisdiction. *Ukiah Adventist Hosp.*, 981 F.2d at 547. In these circumstances, we have appellate

jurisdiction to review the transfer order because otherwise, the concurrent jurisdiction of the two trial courts might "defeat[] review" entirely. *Id.*

This exception to the general prohibition on reviewing transfer orders supports our appellate jurisdiction in this case. The district court transferred Ruppe's FLSA claim for lack of jurisdiction, presumably under 28 U.S.C. § 1631.[2] As the Court of Federal Claims has jurisdiction over the transferred claim, Ruppe likely cannot secure relief against the transfer order either in the Court of Federal Claims or in the Federal Circuit. *See Goble*, 684 F.2d at 14; *Ukiah Adventist Hosp.*, 981 F.2d at 547. Because the transfer order would be "otherwise unreviewable," we have appellate jurisdiction to review it. *Ukiah Adventist Hosp.*, 981 F.2d at 547.

The State Department maintains that this court lacks jurisdiction to review the transfer order because the Federal Circuit has exclusive appellate jurisdiction over a district court "order … granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under section 1631." 28 U.S.C. § 1292(d)(4)(A). Because the district court transferred Ruppe's FLSA claim to the Court of Federal Claims under section 1631, the Department contends that appellate review may be sought only in the Federal Circuit.

We find section 1292(d)(4)(A) inapplicable in these particular circumstances because the district court ordered a sua sponte transfer, and this provision vests the Federal Circuit

---

[2] The district court did not explicitly identify the source of its authority to transfer Ruppe's claim. We agree with the State Department that the district court's transfer is best understood as made under 28 U.S.C. § 1631, which authorizes a court to sua sponte transfer a claim with jurisdictional defects to a court where it could have been brought in the first place.

with exclusive appellate jurisdiction only over orders granting or denying a transfer motion filed by a party.[3]

The statutory text and context demonstrate the word "motion" in section 1292(d)(4)(A) refers to a motion filed by one of the parties. Its neighboring provision details the procedure for evaluating motions to transfer under section 1631. After a "motion to transfer … is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion." *Id.* § 1292(d)(4)(B). Section 1292(d)(4)(B) outlines a process by which a "motion" is "filed" with a district court, the court rules on it, and there is a pause for appeal. In so doing, section 1292(d)(4)(B) necessarily refers to a "motion" filed by a party. Because section 1292(d)(4)(A) covers the appeal of a ruling on the same motion, the same understanding of "motion" applies to that provision. *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 33–34 (2005) (reasoning that identical terms in adjacent subsections generally have the same meaning when one subsection references the other). Since neither Ruppe nor the Department filed a motion to transfer, the district court's sua sponte transfer did not grant or deny such a motion. Section 1292(d)(4)(A) accordingly does not bar this court's review.[4]

---

[3] The Ninth Circuit reached a different conclusion about the applicability of section 1292(d)(4)(A) to sua sponte transfers. *See Demontiney v. United States ex rel. Dep't of Interior*, 255 F.3d 801, 811 n.4 (9th Cir. 2001). We respectfully disagree with that decision, which emphasized "challenges to judicial economy and uniformity" but did not fully engage with the statutory text and context. *Id.*

[4] Our holding applies only to this specific provision and does not reach the broader question of whether a sua sponte transfer can ever qualify as the grant of a motion to transfer. The parties appear to dispute this question. Ruppe treats the district court's action as sua sponte because there was no motion filed by a party. The Department

7

B.

We hold the district court had jurisdiction over Ruppe's FLSA claim. The FLSA establishes a precise and self-executing remedial scheme that enables both the district courts and the Court of Federal Claims to adjudicate damages claims against the United States.

1.

The FLSA provides that the district court and the Court of Federal Claims have concurrent jurisdiction over Ruppe's damages claim against the United States. This court's decision in *Waters*, which held the Court of Federal Claims has exclusive jurisdiction over such claims, cannot be reconciled with the Supreme Court's decision in *Bormes*.

Under the FLSA, employees may bring damages claims against "any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). "Public agency" is defined to include the United

---

responds that a court acts sua sponte when it acts on its own motion. *See Sua Sponte*, Black's Law Dictionary (6th ed. 1990) ("Of … its own will or motion."). Invoking similar arguments, our sister circuits have divided over whether a provision in the Class Action Fairness Act ("CAFA") provides appellate jurisdiction over sua sponte remand orders of class actions removed from state court. *See* 28 U.S.C. § 1453(c)(1) (providing appellate review over "an order of a district court granting or denying a motion to remand"); *compare Watkins v. Vital Pharms., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) (per curiam) (answering yes), *with Ruhlen v. Holiday Haven Homeowners, Inc.*, 28 F.4th 226, 228–29 (11th Cir. 2022) (per curiam) (answering no). Because the statutory text and context of section 1292(d)(4)(A) differ from the CAFA provision, we need not pick a side in this split.

States and federal agencies. *Id.* § 203(x). The FLSA therefore waives federal sovereign immunity because it "creates a cause of action and authorizes suit against [the] government on that claim." *Fin. Oversight & Mgmt. Bd. for Puerto Rico v. Centro de Periodismo Investigativo, Inc.*, 143 S. Ct. 1176, 1184 (2023).

The waiver of sovereign immunity applies "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The phrase "any … court of competent jurisdiction" is not a grant of jurisdiction, but rather a reference to a "court with the power to adjudicate the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91 (2017). The FLSA's waiver thus applies to all courts with "an existing source of subject-matter jurisdiction" covering an FLSA claim. *Id.* at 92.

Through other statutory grants, both the district courts and the Court of Federal Claims have jurisdiction over an FLSA damages claim against the United States. District courts have federal question jurisdiction because the FLSA is a federal law. 28 U.S.C. § 1331. The Court of Federal Claims has jurisdiction because such a claim is founded on an "Act of Congress" and seeks damages "against the United States."[5] *Id.* § 1491(a)(1). Since the FLSA's waiver of federal sovereign immunity applies to all courts of competent jurisdiction, and both the district courts and the Court of Federal Claims are such courts, they have concurrent jurisdiction over Ruppe's FLSA damages

_____

[5] The Court of Federal Claims is a court of competent jurisdiction only for FLSA damages claims against the United States; it is not a court of competent jurisdiction for FLSA claims against other defendants or for claims that request certain forms of equitable relief. *See* 28 U.S.C. § 1491(a); *United States v. Tohono O'odham Nation*, 563 U.S. 307, 313 (2011) (affirming the Court of Federal Claims has "no general power to provide equitable relief against the Government or its officers").

claim against the United States. *See Deaf Smith Cnty. Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1210 (D.C. Cir. 1998) (explaining that a sovereign immunity waiver is necessary for courts to have competent jurisdiction over claims against the United States).

Notwithstanding the above provisions, this court held in *Waters* that the Court of Federal Claims has "exclusive jurisdiction" over FLSA claims against the United States seeking more than $10,000 in damages. 320 F.3d at 272. *Waters* relied on the general principle that, under the Tucker Act, the Court of Federal Claims often has exclusive jurisdiction over claims against the federal government for more than $10,000 in damages. *Id.* at 270 & n.6; 28 U.S.C. § 1491(a)(1); *cf. id.* § 1346(a)(2) (providing the district courts and the Court of Federal Claims with concurrent jurisdiction over similar claims seeking $10,000 or less). But that court's jurisdiction is exclusive "only to the extent that Congress has not granted any other court authority to hear the [relevant] claims." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). *Waters* recognized this qualification but failed to mention the distinct waiver of sovereign immunity in the FLSA. *See* 320 F.3d at 270 n.6. The analysis in *Waters* implicitly proceeded on the assumption that only the Tucker Act provided a waiver of federal sovereign immunity for FLSA claims, and therefore jurisdiction was exclusive in the Court of Federal Claims.

The Supreme Court's decision in *Bormes* compels the conclusion that *Waters* was wrongly decided because it superimposed the Tucker Act's waiver on the FLSA, which

contains a precise and self-executing remedial scheme. We now overrule *Waters*.[6]

In *Bormes*, the plaintiff sued the United States in district court, seeking damages for violations of the Fair Credit Reporting Act ("FCRA"). 568 U.S. at 8. Because the Supreme Court had not yet decided whether the FCRA waives federal sovereign immunity,[7] the plaintiff tried to use the waiver of sovereign immunity in the Little Tucker Act to maintain his lawsuit. *Id.* at 10–11; *see* 28 U.S.C. § 1346(a)(2). The Court unanimously rejected this attempt to "mix and match" the FCRA's liability provisions with the Little Tucker Act's sovereign immunity waiver and thereby "create an action against the United States." *Bormes*, 568 U.S. at 15. Reviewing a line of precedents stretching back to 1869, the Court explained that a precise and self-executing remedial scheme "establishes the exclusive framework for the liability Congress created under the statute." *Id.* at 12–15 (collecting cases).

The FCRA establishes such a remedial scheme because it creates a cause of action, provides certain remedies, sets a specific limitations period, and defines the appropriate forum for bringing suit. *Id.* at 15. The Court therefore held that FCRA damages claims against the United States may rely only on a waiver of sovereign immunity found within the FCRA. *Id.* The Court also warned courts not to "leapfrog[] the threshold

---

[6] The decision to overrule *Waters* has been approved by the en banc court and thus constitutes the law of the circuit. *See Oakey v. U.S. Airways Pilots Disability Income Plan*, 723 F.3d 227, 232 & n.1 (D.C. Cir. 2013) (citing *Irons v. Diamond*, 670 F.2d 265, 267–68 & n.11 (D.C. Cir. 1981)).

[7] The Supreme Court later held that "[t]he FCRA effects a clear waiver of sovereign immunity." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 144 S. Ct. 457, 467 (2024).

concern" that the Tucker Act and the Little Tucker Act "cannot be superimposed on an existing remedial scheme." *Id.* at 16.

Like the FCRA, the FLSA establishes a precise and self-executing remedial scheme. The FLSA includes a cause of action—employees can bring suit on behalf of themselves and other similarly situated employees against their employer. 29 U.S.C. § 216(b). The FLSA details remedies that are tied to specific statutory violations. *Id.* The FLSA specifies a statute of limitations—three years for willful violations, two years for all others. *Id.* § 255(a). And the FLSA waives sovereign immunity in "any Federal or State court of competent jurisdiction." *Id.* §§ 216(b), 203(x).

Because the FLSA creates a precise and self-executing remedial scheme, we cannot superimpose the Tucker Act's sovereign immunity waiver on the FLSA. Following *Bormes*, we must assess jurisdiction by "look[ing] only" to the FLSA. 568 U.S. at 11, 15. As explained, the FLSA waives federal sovereign immunity in courts of competent jurisdiction, which include the district courts and the Court of Federal Claims. And unlike the Tucker Act, the FLSA's sovereign immunity waiver applies regardless of the amount of damages sought. *See* 29 U.S.C. § 216(b). Because the district courts and the Court of Federal Claims have concurrent jurisdiction to adjudicate FLSA damages claims against the United States, Ruppe's claim may proceed in district court.

2.

In rejecting the parties' jurisdictional arguments, the district court followed *Waters* because this court had not overruled it. The district court also followed other district court decisions that had relied on the Federal Circuit's decision in *Abbey v. United States*, 745 F.3d 1363 (Fed. Cir. 2014). *See, e.g.*, *Alston v. Bethea*, No. 22-cv-3595, 2023 WL 4198203, at

*2–3 (D.D.C. June 27, 2023); *Adair v. Bureau of Customs & Border Prot.*, 191 F. Supp. 3d 129, 132–34 (D.D.C. 2016). In *Abbey*, the Federal Circuit affirmed that, despite *Bormes*, the Court of Federal Claims has exclusive jurisdiction over FLSA claims against the United States for over $10,000 in damages. 745 F.3d at 1368–72. We decline to follow *Abbey* because it relied on extraneous considerations and is inconsistent with *Bormes*.

To begin with, the Federal Circuit emphasized the United States' pre-*Bormes* litigating position that the Court of Federal Claims has exclusive jurisdiction over FLSA claims against the United States seeking more than $10,000 in damages. *See Abbey*, 745 F.3d at 1369 ("As the courts have held at the government's urging for three decades …."); *id.* (referencing the "longstanding, government-supported interpretation"); *id.* at 1371 (citing a 1994 government brief). But this court must "exercise [its] independent judgment" when interpreting federal statutes. *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024). The federal government's past litigating position, which it properly abandoned after *Bormes*, cannot overcome the text of the FLSA.

Second, the Federal Circuit's reasoning is at odds with *Bormes*. The Federal Circuit recognized that the FLSA contains a waiver of federal sovereign immunity. *Abbey*, 745 F.3d at 1370. But perhaps because it did not assess whether the FLSA establishes a precise and self-executing remedial scheme, the Federal Circuit did not "look only" to that scheme. *See Bormes*, 568 U.S. at 11. Instead, it interpreted the FLSA to align with the Tucker Act. *See Abbey*, 745 F.3d at 1370 ("[I]t is natural to read the [FLSA] as implicitly specifying a forum (the Tucker Act forum) in order to complete the waiver of sovereign immunity."); *see also id.* (holding the FLSA "does not specify a forum that is contrary to that specified by the

Tucker Act"). This approach contravenes *Bormes* by effectively superimposing the Tucker Act on the FLSA.

Because the FLSA contains a precise and self-executing remedial scheme, "only *its own* text" controls the jurisdictional analysis. *Bormes*, 568 U.S. at 15. We must interpret the FLSA by its terms, not with an interpretation circumscribed by the Tucker Act. *Cf. id.* at 14 n.5 ("Reconcilable or not, [the] FCRA governs."). Looking to the FLSA's waiver of sovereign immunity, the district courts and the Court of Federal Claims both have jurisdiction over FLSA damages claims against the United States.

\* \* \*

We affirm the district court's grant of summary judgment for the State Department with respect to Ruppe's Title VII and Rehabilitation Act claims. We further hold the FLSA establishes a precise and self-executing remedial scheme that provides the district courts and the Court of Federal Claims with concurrent jurisdiction over FLSA damages claims against the United States. Because the district court had jurisdiction over Ruppe's FLSA claim, we vacate the transfer of that claim to the Court of Federal Claims. We therefore affirm the district court's judgment in part, vacate in part, and remand for proceedings consistent with this opinion.

*So ordered*.